UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-cv-24565-PCH

CIELO JEAN GIBSON, MARKETA KAZDOVA, and LUCY PINDER

    Plaintiffs,

vs.

G.C.R., INC. OF FLORIDA d/b/a BARE NECESSITY d/b/a BARE NECESSITY LOUNGE/ROLLO'S PACKAGE STORE,

    Defendant.
_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, G.C.R., INC. OF FLORIDA d/b/a BARE NECESSITY d/b/a BARE NECESSITY LOUNGE/ROLLO'S PACKAGE STORE ("Defendant"), by and through its undersigned counsel and pursuant to Rule 7, Federal Rules of Civil Procedure, hereby respectfully files its Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, CIELO JEAN GIBSON, MARKETA KAZDOVA, and LUCY PINDER (collectively, "Plaintiffs"), and states:

### **INTRODUCTION**

    1.    Denied

    2.    Without knowledge, therefore denied.

    3.    Denied.

    4.    Admitted that Defendant did not negotiate with Plaintiffs. The remainder of this allegation is denied.

5. Admitted that Defendant did not speak with Plaintiffs. The remainder of this allegation is denied.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## PARTIES

### A. Plaintiffs

15. Denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

### B. Defendant

19. Admitted.

20. Admitted.

21. Admitted that Defendant has a Facebook page and that the complained of photographs were posted thereto. The remainder of this allegation is denied.

CASE NO.  18-cv-24565-PCH

## JURISDICTION AND VENUE

22. Admitted for jurisdictional purposes only. Denied that Plaintiffs have stated a valid claim.

23. Admitted that this Court has personal jurisdiction over Defendant. The remainder of this allegation is denied.

24. Admitted that venue is proper in the United States District Court for the Southern District of Florida. The remainder of this allegation is denied.

## FACTUAL BACKGROUND

**A. Standard and Customary Business Practices in the Modeling and Acting Industry Requires Arms-Length Negotiations over the Terms and Conditions of Usage and Remuneration for any Modeling Image**

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

**B. Defendant has Misappropriated Plaintiffs' Images, Likeness and/or Identity Without Authority, for Self-Serving Commercial Gain and Without Offering or Paying Compensation to Plaintiffs**

35. Denied.

3

### *Plaintiff Cielo Jean Gibson*

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. The photograph attached to the Complaint as **Exhibit A** speaks for itself. The remainder of this allegation is denied.

39. Admitted.

40. Admitted

41. Admitted.

42. Admitted.

43. Without knowledge, therefore denied.

44. Admitted.

45. Denied.

46. Denied.

### *Plaintiff Marketa Kazdova*

47. Without knowledge, therefore denied.

48. Without knowledge, therefore denied.

49. The photograph attached to the Complaint as **Exhibit B** speaks for itself. The remainder of this allegation is denied.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Without knowledge, therefore denied.

55. Admitted.

56. Denied.

57. Denied.

### *Plaintiff Lucy Pinder*

58. Without knowledge, therefore denied.

59. Without knowledge, therefore denied.

60. This is referencing the photographs attached to the Complaint as **Exhibit C**. **Exhibit C** speaks for itself. The remainder of this allegation is denied.

61. This is referencing the photographs attached to the Complaint as **Exhibit C**. **Exhibit C** speaks for itself. The remainder of this allegation is denied.

62. The photographs attached to the Complaint as **Exhibit C** speaks for themselves. The remainder of this allegation is denied.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Without knowledge, therefore denied.

68. Admitted.

69. Denied.

70. Denied.

### CAUSES OF ACTION

### COUNT I
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising)

71. The Lanham Act speaks for itself. The remainder of this allegation is denied.

72. Without knowledge, therefore denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## COUNT II
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Endorsement)

87. The Lanham Act speaks for itself. The remainder of this allegation is denied.

88. Denied.

89. Denied

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## COUNT III
### (Violation of Fla. Stat. § 540.08: Right of Publicity; Unauthorized Misappropriation of Name/Likeness)

99. Section 540.08, Florida Statutes, speaks for itself. The remainder of this allegation is denied.

100. Section 540.08, Florida Statutes, speaks for itself. The remainder of this allegation is denied.

101. Denied.

102. Without knowledge, therefore denied.

103. Admitted that Defendant did not speak with the Plaintiffs. The remainder of this allegation is denied.

104. Admitted that Defendant did not speak with the Plaintiffs. The remainder of this allegation is denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

## COUNT IV
### (Violation of Common Law Right of Publicity;
### Unauthorized Misappropriation of Name/Likeness)

111. Plaintiffs' rights at common law speak for themselves.

112. Plaintiffs' rights at common law speak for themselves. The remainder of this allegation is denied.

113. Without knowledge, therefore denied.

114. Denied.

115. Admitted that Defendant did not speak with the Plaintiffs. The remainder of this allegation is denied.

116. Admitted that Defendant did not speak with the Plaintiffs. The remainder of this allegation is denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

## COUNT V
### (Conversion)

123. Without knowledge, therefore denied.

124. Denied.

125. Denied.

126. Denied.

## COUNT VI
### (Unjust Enrichment)

127. Denied.

128. Without knowledge, therefore denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## PRAYER FOR RELIEF

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

\*\*\* - Any allegation not expressly admitted is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As its First Affirmative Defense, Defendant states that Plaintiffs have either suffered no damages or any alleged damages suffered by Plaintiffs were de minimis. By their own exhibits, which are screenshots all dated in October 2018, the allegedly infringing photographs relate to

Halloween 2014, Thanksgiving 2014, and Christmas 2014, respectively. *See* (D.E. 1-1, 1-2, 1-3) Yet, essentially four (4) years later when the screenshots were taken by Plaintiffs, the photographs have a combined four (4) Facebook interactions. *See* (D.E. 1-1, 1-2, 1-3) As of March 4, 2019, which is more than four (4) years after any of the photographs were uploaded to Defendant's Facebook photos, the Defendant's Facebook page itself – i.e., not necessarily the photographs – has had a total of 494 visits. Even assuming, *arguendo*, that all the allegations in the Complaint are true, Plaintiffs have either suffered no damages or any alleged damages suffered by Plaintiffs were de minimis.

## Second Affirmative Defense

As its Second Affirmative Defense, Defendant states that the Plaintiffs have failed to mitigate their alleged damages, including, but not limited to, submitting a takedown request to Facebook.

## Third Affirmative Defense

As its Third Affirmative Defense, Defendant asserts the defense of laches. Plaintiffs waited essentially four years after the complained of photographs were posted on Defendant's Facebook page to file suit. The Defendant's director who was involved with Defendant's social media at the time was Mr. Carman W. Rollo. Mr. Rollo, however, died on December 10, 2017, and with him possibly went information that could be used by the Defendant to defend in this case. In addition, the Defendant has not actively utilized its Facebook page in years, as demonstrated by the fact that Defendant last "posted" to its Facebook page on September 22, 2015, and last uploaded a photograph to its Facebook page on March 30, 2015. Defendant has thus been prejudiced by the passage of time and Plaintiffs' delay in filing suit, and so their claims are barred by laches.

### Fourth Affirmative Defense

As its Fourth Affirmative Defense, Defendant alleges that, based on the nature of the photographs, they appear to have been taken by a photographer. Upon information and belief, any alleged claims regarding the photographs belong to the photographer, as the photographs are the work of the photographer and Plaintiffs signed waivers/releases regarding same. Plaintiffs thus lack standing.

### Fifth Affirmative Defense

As its Fifth Affirmative Defense, Defendant alleges that, based on the nature of the photographs, Plaintiffs assumed at the time the photographs were taken the risk that those photographs might be used in the manner they now complain of.

### Sixth Affirmative Defense

As its Sixth Affirmative Defense, Defendant states Plaintiff's claims fail, as Defendant did not use the names of the Plaintiffs as symbols for Plaintiffs' identity or persona, as required for violation of Plaintiffs' right to publicity. Further, any use of photographs of Plaintiffs did not involve character, personality, or reputation of the Plaintiffs, or other factors shaping identity.

### Seventh Affirmative Defense

As its Seventh Affirmative Defense, Defendant states that Plaintiffs failed to satisfy the condition precedent for bringing a conversion action in that they failed to send pre-suit demand to Defendant and cannot show how such demand would have been futile. *See Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 500 (Fla. 3d DCA 1994) ("Count I [for conversion] fails because Lennar does not allege that they have made a demand for return of the rents or that such a demand, if made, would have been futile.") (footnote omitted)).

CASE NO. 18-cv-24565-PCH

**Eight Affirmative Defense**

As its Eight Affirmative Defense, Defendant states that Plaintiffs have failed to state a cause of action for unjust enrichment. Under Florida law a plaintiff must *directly* confer a benefit upon a defendant in order to have an actionable claim for unjust enrichment. *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) ("The Third District is correct that to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."). Plaintiffs allegations are, essentially, that the Defendant took photographs and posted them on its Facebook page. Plaintiffs allegations do not demonstrate any action by Plaintiffs wherein they directly conferred a benefit by Defendant, and so they have failed to state a cause of action for unjust enrichment.

**Ninth Affirmative Defense**

As its Ninth Affirmative Defense, Defendant states that to the extent Plaintiffs' alleged injuries were caused, in whole or in part, by third-parties, liability should be accordingly apportioned pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), and its progeny.

**Tenth Affirmative Defense**

As its Tenth Affirmative Defense, Defendant states that to the extent Plaintiffs' alleged injuries were caused, in whole or in part, by their own respective negligence, any alleged damages suffered by Plaintiffs should be reduced in proportion to their respective comparative negligence.

**RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely upon any other affirmative defenses as might become available or apparent during the course of discovery and during Defendant's attempts to regain any information known primarily to Mr. Rollo prior to his death, and that Defendant reserves the right to raise additional defenses and/or revise the defenses above as necessary and proper.

CASE NO. 18-cv-24565-PCH

**ATTORNEY'S FEES**

Defendant hereby gives notice that it intends to seek to recover from Plaintiffs its reasonable attorney's fees pursuant to any applicable law or rule which is now or may become applicable.

Respectfully Submitted,

  /s/  Jorge L. Piedra
JORGE L. PIEDRA, ESQUIRE
Florida Bar No. 88315
PIEDRA & ASSOCIATES, P.A.
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 448-7064
Facsimile: (305) 448-7085
Primary: service@piedralaw.com
Secondary: jpiedra@piedralaw.com
Counsel for Defendant, G.C.R., INC. OF FLORIDA

Rest of Page Intentionally Left Blank

CASE NO. 18-cv-24565-PCH

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of March, 2019, a true copy of the foregoing was electronically filed with the clerk of the court by using the CM/ECF electronic filing system, which will automatically send a copy to all counsel of record in this case registered on the CM/ECF system.

>PIEDRA & ASSOCIATES, P.A.
>201 Alhambra Circle
>Suite 1200
>Coral Gables, Florida  33134
>Telephone: (305) 448-7064
>Facsimile: (305) 448-7085
>Primary: service@piedralaw.com
>Secondary: jpiedra@piedralaw.com
>Counsel for Defendant, G.C.R., INC. OF FLORIDA
>
>By:  /s/ Jorge L. Piedra
>JORGE L. PIEDRA, ESQUIRE
>Florida Bar No.  88315